**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

ABDOUL F.S.,

Petitioner,

v.

MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; DAVID VENTURELLA, Acting Director of Immigration and Customs Enforcement; DAVID EASTERWOOD, Field Office Director of Enforcement and Removal Operations, Minneapolis-Saint Paul field Office; and ERIC TOLLEFSON, Sheriff of Kandiyohi County, Minnesota,

Respondents.

Case No. 26-CV-4505 (NEB/DTS)

ORDER ON AMENDED PETITION FOR WRIT OF HABEAS CORPUS

---

Petitioner Abdoul F.S. is a non-citizen asylum seeker from Mali who entered the United States without inspection in January 2024. (ECF No. 3 ("Pet.") ¶ 1.) Upon entry, Abdoul F.S. encountered Customs and Border Patrol agents, who detained him. (*Id.* ¶ 2; ECF No. 9 ¶ 5.) Respondents served him with a Form I-862 Notice to Appear and a Form I-200 Warrant for Arrest of Alien and released him on his own recognizance. (Pet. ¶¶ 3–4; ECF No. 9 ¶¶ 6–8; ECF No. 9-1; ECF No. 9-2; ECF No. 9-3.) Three months later, Abdoul F.S. timely filed his asylum application. (*See* ECF No. 3-2.)

On March 2, 2025, Border Patrol informed Immigration and Customs Enforcement (ICE) that Abdoul F.S. used a United States passport, a North Dakota driver's license, and a social security card to apply for a job at Fargo International Airport. Based on this

information, Respondents served Abdoul F.S. another I-200 and took him into custody. An Immigration Judge released Abdoul F.S. on a $3,000 bond.

In April 2025, a grand jury indicted Abdoul F.S. on two felonies: (1) use of false statement in immigration matter in violation of 18 U.S.C. § 1546(b)(1) and (2) false claim of United States citizenship in violation of 18 U.S.C. § 911. (Pet. ¶ 8.) Abdoul F.S. pleaded guilty to the former count, and the District of North Dakota sentenced him to time served and one-year supervised release on February 3, 2026. (Pet. ¶ 9; ECF No. 3-5, at 1–9 (Plea Agreement); *id.* at 10–16 (Criminal Judgment)).

The day before the District of North Dakota entered judgment, Respondents issued another I-200. Respondents served that I-200 on February 3 directly after his criminal hearing and took him into custody again. (ECF No. 9-6.) Respondents also cancelled his previous $3,000 bond. (ECF No. 9-8.) Respondents provided Abdoul F.S. a new bond hearing on March 4, 2026, but the Immigration Judge denied release. (ECF No. 9-9.)

Separately, an Immigration Judge denied Abdoul F.S.'s application for asylum and ordered his removal. (ECF No. 9-10, at 21–22.) Abdoul F.S. timely appealed, which is pending at the Board of Immigration Appeals. (ECF No. 3-10.) Abdoul F.S. remains in custody at Kandiyohi County Jail in Wilmar, Minnesota. (Pet. ¶ 21.)

## ANALYSIS

Federal courts have the authority to hear "within their respective jurisdictions" petitions for writs of habeas corpus from any person who claims to be held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3); *Rasul v. Bush*, 542 U.S. 466, 473 (2004). Habeas protection extends to those

in immigration detention. *See Immigr. & Naturalization Servs. v. St. Cyr*, 533 U.S. 289, 305–06 (2001).

Abdoul F.S. argues that his detention constitutes an unlawful warrantless arrest and a violation of the Due Process Clause of the Fifth Amendment. The Court disagrees.

First, Abdoul F.S. believes that his arrest was warrantless and therefore unlawful under the Fourth Amendment and 8 U.S.C. Section 1226(a). One of the mechanisms the Immigration and National Act provides "to arrest an alien during the removal process," *Arizona v. United States*, 567 U.S. 387, 407 (2012), is "[o]n a warrant issued by the Attorney General." 8 U.S.C. § 1226(a). Here, Respondents clear that requirement. Respondents served Abdoul F.S. with a Notice to Appear, which initiated removal proceedings, when he first entered the United States in 2024. (ECF No. 9-1.) Respondents issued the third Form I-200 Warrant for Arrest of Alien on February 2, 2026, the day before his conviction. Right after his conviction, Respondents served the warrant and detained him. Respondents complied with the statutory requirement in 8 U.S.C. § 1226 and agency regulations. *See* 8 C.F.R. § 236.1(b).

Abdoul F.S. argues that Respondents did not have probable cause when issuing the Form I-200 warrant because (1) it was issued the day before his conviction, (2) a different officer completed the Form I-200 than the one who completed the Form I-213, and (3) the narrative information on Form I-213 is hearsay. (ECF No. 10, at 4–8.) Not so. There is nothing in statute nor agency regulations that require administrative warrants to be issued *on the same day* as arrest or to be issued by the same person. There is also nothing in this case that suggests the warrant was "so defective" as to require release, in contrast to *Ramirez Ovando v. Noem*, No. 1:25-CV-3183 (D. Colo. Nov. 25, 2025) or *Castañon*

*Vava v. Dep't of Homeland Sec.*, No. 18-CV-3757 (RRP) (N.D. Ill. Feb. 8, 2022). (ECF No. 10, at 5.)

Second, Abdoul F.S. argues that Respondents unlawfully revoked his $3,000 bond from 2025 in violation of the Due Process Clause. Generally, an agency must follow its own regulations. *See United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954). Department of Homeland Security regulations authorize revocation of release from custody "at any time" only at the "discretion" of an enumerated list of immigration officials.[1] 8 C.F.R. § 236.1(c)(9).

Here, Respondents did not properly revoke Abdoul F.S.'s bond because Respondents filed the wrong form and the form was not signed by one of the enumerated officials. But the *Accardi* doctrine is based on regulations that prescribe the procedure by which agencies must operate. *See Accardi*, 347 U.S. at 268. And not all regulatory violations necessitate release as a remedy. *See Demilson R. F. v. Easterwood*, 26-CV-3483 (NEB/DLM), ECF No. 38, at 5 n.3 (D. Minn Oct. 14, 2026). Courts confronting agency procedural errors have generally treated a subsequent hearing that satisfies due process as sufficient remedy for previous procedure defect. *See Batanic v. Immigr. & Naturalization Serv.* 12 F.3d 662, 667 (7th Cir. 1993) ("[P]rocedural errors are cured by holding a new hearing in compliance with due process requirements."); *Kim v. United States*, 121 F.3d 1269, 1274 (9th Cir. 1997) (holding that a de novo hearing "satisfies the strictures of the procedural due process"); *McGlory v. United States*, 763 F.2d 309, 312 (7th Cir. 1985)

[1] "When an alien who, having been arrested and taken into custody, has been released, such release may be revoked at any time in the discretion of the district director, acting district director, deputy district director, assistant district director for investigations, assistant district director for detention and deportation, or officer in charge (except foreign), in which event the alien may be taken into physical custody and detained." 8 C.F.R. § 236(c)(9).

(holding that "once a participant seeks review de novo, the adequacy of the administrative process as an abstract matter is no longer important"). That reasoning is persuasive here. Although Respondents did not follow the proper bond revocation requirements in 8 C.F.R. § 236.1(c)(9), Abdoul F.S. requested and received a bond hearing in March 2026. (ECF No. 9-9). The immigration judge denied his request to be released on bond because of his conviction. Abdoul F.S. did not appeal that decision; nor does he argue the bond hearing was constitutionally insufficient as a matter of due process. *Abdifatah M.A. v. Blanche*, No. 26-CV-3475 (LMP/DLM), 2026 WL 3025856, at *1 (D. Minn. Oct. 8, 2026) (collecting cases). Whatever *Accardi* might otherwise require, the later hearing gave Abdoul F.S. the process 8 C.F.R. § 236.1(c)(9) was meant to ensure.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Petitioner Abdoul F.S.'s Amended Petition for Writ of Habeas Corpus is DENIED; and

2. This action is DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 15, 2026

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge